U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ELDER OFFSHORE LEASING, INC. | : | DOCKET NO. 02-1685 (Lead) |
| | | 02-2517 (Member) |
| | | 02-1274 (Member) |
| VS. | : | JUDGE TRIMBLE |
| SAFE HAVEN ENTERPRISES, INC., ET AL | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Before the Court is a "Motion to Withdraw Cash Bond" (doc. #404) filed by Safe Haven Enterprises, Inc. ("SHE") wherein the mover seeks to have this Court issue an order directing the Clerk of Court to release funds in the amount of $338,560.00, plus interest. In opposition to the motion, the Bolivarian Republic of Venezuela ("Venezuela") maintains that SHE has not fulfilled all the terms of the Cash Bond. Specifically, Venezuela complains that SHE's motion is premature because it has not proven the "validity of the Reserved Claims" or the validity of the "Claims of Liens made in the Reserved Claims" as required by the Cash Bond for Release of Lien of Safe Haven Enterprises, Inc.[1] SHE maintains that Venezuela has no standing to request that SHE prove the validity of the reserved claims or the claims of liens made in the reserved claims.

On June 27, 2003, Venezuela intervened in the instant lawsuit and sought a declaratory judgment in its favor declaring it to be the owner of the Modules at issue in this litigation.[2] Due to

---

[1] See Exhibit A to Venezuela's opposition.

[2] See doc. #28.

contract dispute between SHE and Elder Offshore Leasing, Inc. ("Elder"), the Modules had previously been sequestered and Elder had maintained that it was the owner of said Modules. On June 27, 2003, Venezuela, as plaintiff-intervenor, filed an amended complaint-in-intervention wherein it sought a judgment declaring that the Modules were immune from attachment, arrest and execution.[3] On July 29, 2003, Venezuela filed a "Cross Complaint and Third Party Demands of Plaintiff-in-Intervention, Bolivarian Republic of Venezuela" seeking a judgment declaring that each of the liens asserted by the Cross Claim Defendants and the Third Party Defendants are invalid pursuant to Louisiana Law and/or the Foreign Immunities Act, 28 U.S.C.A. § 1602, *et seq.* and the modules are the property of Venezuela and immune from attachment, arrest and execution.[4] Venezuela amended its cross complaint to add additional parties on September 9, 2003 praying for the same relief.[5]

Pursuant to a "Motion to Establish Bond in Lieu of Sequestration and Liens"[6] filed by Venezuela, a Joint Stipulation was entered into between the parties on September 16, 2003.[7] The purpose of the bonds was to extinguish the claims of liens against the Modules. On February 19, 2004, the Court ruled that ownership of the Modules would remain with Elder.[8] The Judgment of

---

[3] See doc. #29.

[4] See docs. #49 and #59.

[5] See docs. #98 and 101.

[6] See doc. #56.

[7] See doc. #109.

[8] See doc. #245.

the Court was made final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[9] Venezuela appealed the Judgment of the Court.[10]

On April 2, 2004, SHE and Venezuela executed a "Cash Bond to Safe Haven Enterprises, Inc." and Venezuela placed a total of $714,560.00 in the registry of the Court to secure the claims of SHE.[11] On April 26, 2004, Elder and Venezuela executed a "Cash Bond to Elder Offshore Leasing, Inc."[12] and Venezuela placed a Cash Bond in the amount of $1,476,210.09 in the registry of the Court to secure the claims of Elder Offshore Leasing, Inc. ("Elder").

The Fifth Circuit Court of Appeal affirmed the ruling of the Court and issued a mandate on December 23, 2004. On April 18, 2005, the United States Supreme Court denied writs.

On May 27, 2005, by Order of this Court, SHE withdrew the principal amount of $376,000.00,[13] plus all interest earned with $338,560.00 remaining in the registry of the Court. This difference was retained in the registry by virtue of a disagreement between Elder and SHE as to how much of the funds retained, if any, were due to SHE.[14]

In April of 2007, Elder and SHE compromised and settled their differences as to the disputed amount, the result of which was that the two parties agreed that SHE was entitled to withdraw the

---

[9] See doc. #246.

[10] See doc. #253.

[11] See doc. #274.

[12] See doc. #283.

[13] See doc. #382.

[14] Elder had also by Order of the Court withdrawn $1,289,156.62, plus all interest earned. See doc. #375.

3

remaining principal amount of $338,560.00. Pursuant to that agreement both parties have filed motions to withdraw the remaining principal amount. However, Venezuela contends that SHE must prove as a condition of the Cash Bond, the validity of the Reserved Claims and the validity of the Claim of Liens made in the Reserved Claims.[15] The Reserved Claims as to SHE are described as those attached to Schedule 2 and are as follows:

| DATE | VENDOR | AMOUNT | DESCRIPTION |
|---|---|---|---|
| 12/01/02 | Safe Haven | $101,175 | Design/Engine |
| 1/28/03 | Safe Haven | $ 54,990 | Consultant Services |

---

[15] The Cash Bond for Release of Lien of Safe Haven Enterprises, Inc. provides in pertinent part the following:

> **NOW, THEREFORE,** with this Cash Bond, Venezuela is held and firmly bounded unto Clerk and Lien Claimant to pay the Claim deemed to be owed up to a sum of $714, 560.00. With respect to the Stipulated Safe Have Claim the conditions of the above obligation are that there has been entered a final judgment or decree by the above-captioned court, which is either not appealed or is sustained on appeal or review including any proceedings within the United States Supreme Court and is in all respects final and non-apppealable and said judgment provides that either Venezuela is not the owner of the Modules or that the Modules were not immune from attachment and/or arrest and execution under any United States law, including the provisions of the United States Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq*. Upon satisfaction of the aforementioned conditions the Stipulated Safe Haven Claim shall be paid to the Lien Claimant within thirty days. With respect to the Reserved Claims, the conditions of the above obligation are that there has been entered a final judgment or decree by the above-captioned court, which is either not appealed or is sustained on appeal or review including any proceedings within the United States Supreme Court and is in all respects final and non-appealable and said judgment (1) establishes the validity of the Reserved Claims; (2) establishes the validity of the Claim of Liens made in respect of the Reserved Claims; and (3) provides that Venezuela is not the owner of the Modules or that the Modules were not immune from attachment and/or arrest and execution under any United States law, including the provisions of the United States Foreign Sovereign Immunities Act, 278 U.S.C. § 1602, *et seq*. Upon satisfaction of the aforementioned conditions, the Reserved Claims shall be paid to the Lien Claimant within thirty days.

| | | | |
|---|---|---|---|
| 12/01/02 | Safe Haven | $23,100 | Equipment |

SHE maintains that Venezuela has no standing to object to SHE's motion to withdraw the remaining principal amount that was in dispute between SHE and Elder. The Court agrees. The question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.[16] The Court has reviewed the numerous complaints, cross-claims, answers, and defenses and concludes that Venezuela never asserted any claim against SHE other than to be declared owner of the Modules and/or a declaration that the Modules were immune from attachment or seizure by creditors. This issue was decided in the Court's February 19, 2004, which as previously discussed is now a final and non-appealable judgment. Because Venezuela has not asserted any claims or defenses in this litigation as to the "Reserved Claims", it has no standing to assert any such claims now.

## CONCLUSION

Based on the foregoing, the motion to withdraw will be granted with the exception that the Proposed Order will be amended to direct the Clerk of Court to pay the accrued interest on the principal amount rather than "56.4% of everything remaining."[17]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 29th day of June, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[16] *Warth v. Seldin*, 422 U.S. 490, 498 95 S.Ct. 2197 (1975).

[17] See proposed order.